UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY LOVE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV212 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Movant Mary Love's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed February 5, 2009. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

On July 27, 2006, a federal grand jury returned a ten-count indictment against Movant Mary Love ("Movant") and co-defendant Danna France. (Cause No. 4:06CR462 DJS[1], Doc. No. 1). Counts One and Two of the indictment charged Movant with making false statements on the 2003 and 2004 Forms LM-3 submitted to the Department of Labor, in violation of 18 U.S.C. § 1001. (Id.). Counts Three, Four and Five of the indictment charged Movant with stealing money from the American Federation of Government Employees Local 96, in violation of 18 U.S.C. §§ 7(3) and 661. (Id.). Counts Six through Ten charged only co-defendant France, who pleaded guilty prior to trial. (Id., Doc. Nos. 1, 34, 39).

---

[1] In an Administrative Order entered January 5, 2011, this matter was transferred from the Honorable Donald J. Stohr to the undersigned for disposition.

Following a jury trial held November 13-15, 2006, Movant was found guilty on all five counts of the indictment. (Cause No. 4:06CR462 DJS, Doc. No. 55). The Court sentenced Movant to eighteen months imprisonment on each count, such terms to be served concurrently, three years supervised release, and $69,725.80 restitution. (Id., Doc. No. 76). On February 8, 2008, Movant's convictions were affirmed on appeal. United States v. Love, 516 F.3d 683 (8th Cir. 2008).

As stated above, Movant filed the instant § 2255 Motion on February 5, 2009. As the Court construes her motion, Movant claims her trial counsel was ineffective in that he:

(1) Failed to investigate the charges, prepare for trial, or present evidence to prove Movant's innocence;

(2) Failed to present Movant's co-defendant as a witness on her behalf;

(3) Failed properly to communicate with Movant, and to prepare her to testify in her own defense;

(4) Failed to secure the removal of the Government's rebuttal witnesses from the courtroom during trial;

(5) Failed to maintain the attorney-client privilege, instead sharing details of Movant's case with members of her church and labor union;

(6) Failed to present to Movant the plea bargain offered by the Government;

(7) Failed to file motions as requested by Movant; and

(8) Failed to present evidence that the money at issue was used for the benefit of the union, rather than for Movant's personal benefit.

(§ 2255 Motion, PP. 4-10, 15).

## **STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255**

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based

on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[2]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

### **STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

---

[2] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.

**I.     Grounds 1, 3, 8**

As stated above, in Ground 1 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to investigate the charges against her, prepare for trial, or present evidence to prove Movant's innocence. In Ground 3, she asserts she received ineffective assistance of counsel, in that trial counsel failed to communicate with Movant, or to prepare her to testify in her own defense. In Ground 8, Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to present evidence that the money at issue was used for the benefit of the union, rather than for Movant's personal benefit.

Upon consideration, the Court finds that with each of these claims, Movant fails to demonstrate that her counsel's performance was constitutionally deficient. As support for this holding, the Court notes that attached to the Government's response is a declaration from Mr. Paul D'Agrosa, Movant's trial attorney, in which he states the following under oath:

> 4.  In preparation for the case, I met with the [Movant] on many occasions to discuss the case, the charges against her, the potential evidence disclosed by the Government, her possible defenses, and the evidence in her favor, including the witnesses who might provide favorable evidence.
>
> 5.  During those meetings, [Movant] and I discussed that she would need to testify to respond to the Government's charges. We agreed that she would need to rebut the Government's claims that she personally benefitted from the funds she received. She would need to explain that she received the funds: (1) to purchase food for the Lunch and Learn program; (2) to purchase computers and relevant equipment; and (3) for reimbursement for the funds she advanced to the Local during the Lunch and Learn program. [Movant],

> we decided, was the best individual who could explain why she received the funds....[3]

8. At other meetings just prior to trial and during the trial, [Movant] and I discussed the evidence we would present in our defense. [Movant] suggested that she believed that the prosecutor, the Department of Labor, and the American Federation of Government Employees were conspiring against her. I listened to her and asked her for the evidence that she possessed that supported her theories. [Movant], however, never provided such evidence to me. Without this evidence, I could not present [Movant's] theories.

(Doc. No. 6-2, PP. 1-2). Movant offers no evidence to rebut these assertions, and under these circumstances the Court cannot find Mr. D'Agrosa's efforts in investigating, preparing, and presenting Movant's case fell outside the wide range of professionally competent assistance sanctioned by Strickland. Grounds 1, 3 and 8 must therefore be denied on this basis.

With respect to Grounds 1 and 3, the Court further finds Movant fails to demonstrate the requisite prejudice. In other words, other than the conclusory statements in her motion, Movant offers no evidence as to the nature of the additional investigation/preparation her counsel should have conducted, or what he would have learned had he done so. Absent these details, the Court cannot find a reasonable probability that, but for counsel's allegedly unprofessional errors, the result of Movant's proceeding would have been different. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994) (internal quotations and citations omitted) (finding petitioner's "brief and conclusory allegations" regarding counsel's failure to investigate and develop useful evidence insufficient, as "without a specific, affirmative showing of what the missing evidence or testimony would have been,

---

[3] The Court's review of the record reveals Movant's trial attorney in fact argued the Government failed to prove Movant used the stolen funds for her own benefit, as follows: "So when the prosecution says she intended to deprive the membership of their money, payable through dues, they haven't proven beyond a reasonable doubt that she intended to steal for her own benefit. They haven't shown that money was for her own benefit, they've only shown that she just can't explain each and every expenditure and each and every check." (Cause No. 4:06CR462 DJS, Doc. No. 91, P. 36).

a habeas court cannot even begin to apply *Strickland's* standards, because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance."). Grounds 1 and 3 of Movant's § 2255 Motion must therefore be denied on this basis as well.

## II.     Ground 2

In Ground 2 of her motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to present Movant's co-defendant as a witness on her behalf. In his declaration, however, Mr. D'Agrosa states as follows with respect to this claim:

> 9.  Also, during the trial or shortly before it, [Movant] and I learned that her co-defendant, Danna France, intended to plead guilty to the charges against her. I contacted the prosecuting attorney, Dave Rosen, and asked him if the Government intended to call Ms. France in the Government's case-in-chief. He said that after meeting with Ms. France and her counsel, the Government did not find Ms. France to be a credible witness and did not intend to call her. At this point, I knew that the Government might be able to successfully cross-examine Ms. France.
>
> 10. Based on this conversation, I contacted Ms. France's counsel to determine whether or not her testimony might assist [Movant]. Ms. France's counsel indicated that she had recently entered into a plea agreement with the Government, was awaiting sentencing, and was hoping for probation. He outlined for me the evidence that he expected Ms. France to give if [Movant] and I called her as a witness. Based on this conversation, it did not appear that Ms. France could testify in [Movant's] favor without perjuring herself and risking her plea agreement with the Government. For example, Ms. France's counsel indicated that Ms. France would testify that anything she did was at the direction of [Movant] or under [Movant's] supervision.
>
> 11. I informed [Movant] of my conversation with Ms. France's counsel and the Government. We decided not to call her in [Movant's] case-in-chief. We were concerned that her testimony might undermine our argument that [Movant] might have sloppily filed a form, but she did not steal the money and did not benefit from any of it. Instead, we chose to argue that Ms. France was actually the guilty individual, but she was not before the jury. We hoped to have the jury blame Ms. France for the manner in which the forms were drafted and the lack of explanation for the manner in which the Local's funds were spent. Not calling Ms. France prevented the Government and/or Ms. France from explaining away this blame.

(Doc. No. 6-2, PP. 2-3).

Upon consideration of the foregoing, the Court finds that with this claim, Movant fails to satisfy either prong of the Strickland test. With respect to deficient performance, the Court finds Mr. D'Agrosa's above described actions with respect to deciding whether or not to secure the testimony of Movant's co-defendant easily fall within the wide range of professionally competent assistance sanctioned by Strickland, especially in light of Movant's apparent concurrence in the decision. Furthermore, with respect to prejudice, Movant presents no viable evidence tending to demonstrate that had Mr. D'Agrosa called Ms. France as a defense witness, she would have testified in a manner favorable to Movant. Movant thus fails to demonstrate that absent her counsel's alleged error, the result of her proceeding would have been different, and so Ground 2 must be denied.

**III.     Ground 4**

In Ground 4 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to secure the removal of the Government's rebuttal witnesses from the courtroom during trial. With this ground the Court need not consider whether Movant's attorney's performance was deficient, because Movant fails to demonstrate the requisite prejudice. In other words, Movant presents absolutely no evidence that the Government witnesses/agents who remained in the courtroom testified differently based on testimony they heard during the course of Movant's trial, much less that any alleged change in testimony affected the outcome of Movant's trial. See United States v. Riddle, 193 F.3d 995, 997 (8th Cir. 1999). Ground 4 is denied.

**IV.     Ground 5**

In Ground 5 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to maintain the attorney-client privilege, instead sharing details of Movant's case with members of her church and labor union. Specifically, Movant states as follows:

> Shared attorney/client priviledge (sic) information to others. Balance on account and wasn't going to work for nothing. Shared with members of my church and members of the Labor Union that there was a balance on my account and he shouldn't even be there working for nothing. Also shared that every body wanted to go to heaven-but it wasn't free. Also shared where I would be incarcerated with members on the second day of trial and informed them I should have taken a plea bargain just as my co-defendant had.

(§ 2255 Motion, P. 8). In response, the Government offers the declaration of Mr. D'Agrosa, as follows:

> 7. At another meeting, [Movant] invited her spiritual advisor. [Movant] asked me to outline both the Government's case against her and what I thought would be our best defense. She wanted her spiritual advisor's assistance in deciding whether or not to proceed to trial. Additionally, because my office received [Movant's] case as a referral from her spiritual advisor and had not received payment, I broached the subject about payment to the firm with [Movant] and her spiritual advisor. [Movant's] spiritual advisor assured me that I would be paid for my services.

(Doc. No. 6-2, P. 2).

Upon consideration, the Court finds it need not consider whether Movant's counsel's performance was constitutionally deficient, as with this claim Movant fails to demonstrate the requisite prejudice. In other words, even assuming Movant's attorney made the statements as alleged by Movant, and that the statements were inappropriate or unprofessional, the Court finds Movant fails to demonstrate a reasonable probability that the result of her proceeding would have been different absent the errors. Movant's claim of prejudice thus fails, see <u>Strickland</u>, 466 U.S. at 694, and so Ground 5 of Movant's § 2255 Motion must be denied.

**V.     Ground 6**

In Ground 6 of her § 2255 Motion Movant asserts she received ineffective assistance of counsel, in that trial counsel failed to present to Movant the plea bargain offered by the Government. Once again, the Government offers the declaration of Mr. D'Agrosa, as follows:

> 6. During one of those meetings [between Movant and Mr. D'Agrosa], I presented to [Movant] the Government's plea offer. We discussed the plea offer, but [Movant] decided to proceed to trial. In rejecting the Government's plea offer, she said, "This is a bunch of bull crap. I didn't take anything that didn't belong to me."

(Doc. No. 6-2, P. 2). Mr. D'Agrosa's assertion is bolstered by Movant's own testimony during her sentencing hearing, as follows:

> My mom has asked me many times, why didn't you take the plea bargain to avoid these problems....A plea would mean that I lie and say I committed a crime when in fact I did not. I stand before you, Your Honor, innocent of the crimes that I've been convicted of, yet I am penalized for taking that stand.

(Cause No. 4:06CR462 DJS, Doc. No. 92, P. 35). The conclusory statements in Movant's § 2255 Motion are insufficient to rebut both Mr. D'Agrosa's highly specific assertions and Movant's own testimony. The Court thus finds Mr. D'Agrosa's efforts regarding conveying any possible plea bargain to Movant fell within the wide range of professionally competent assistance sanctioned by Strickland. Ground 6 is denied.

## VI. Ground 7

In Ground 7 of her § 2255 Motion Movant alleges she received ineffective assistance of counsel, in that trial counsel failed to file motions as requested by Movant. Movant does not specify the nature of the motions she believes counsel should have filed, however. Absent such allegations, the Court cannot assess whether Movant satisfies the Strickland test for ineffective assistance of counsel. See Henderson v. Norris, 118 F.3d 1283, 1287 (8th Cir. 1997) (citation omitted) ("[Movant] does not specify how counsel should have proceeded, simply describing counsel's performance as 'lame.' This is not the type of error, if indeed it was error at all, that the Sixth Amendment functions to correct."), cert. denied, 522 U.S. 1129 (1998). Ground 7 thus fails to state a claim for relief, and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this  5th  day of August, 2011.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE